**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| BRANDI JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:15-CV-63-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of

---

[1]     Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

On November 22, 2011 Plaintiff Brandi Shanice Johnson filed an application for supplemental security income and alleged that she has been disabled to work since

November 8, 2011.  Her claim was denied initially on March 8, 2012 and denied on reconsideration on August 17, 2012. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on October 2, 2012 and the hearing was conducted on September 16, 2013.   At the hearing, Plaintiff was represented by her attorney.  The ALJ rendered an "unfavorable" decision on November 22, 2013 denying her claim.  Plaintiff requested review before the Appeals Council on December 19, 2013 but was denied on April 17, 2015.  Tr. 1-31.   Having exhausted the administrative remedies available to her under the Social Security Act, she now brings this action for judicial review of the decision by the Commissioner to deny her claim.

## ISSUES

**I.      Whether the ALJ properly evaluated Plaintiff's credibility.**

**II.     Whether the ALJ's RFC assessment is supported by substantial evidence.**

### <u>Statement of Facts and Evidence</u>

When the ALJ issued her unfavorable decision on November 22, 2013, Plaintiff was twenty years old and classified as a "younger individual" under the Commissioner's regulations.   She graduated from high school, has worked as a stock clerk and was working at the time of the evidentiary hearing as a cashier at a grocery store.   She testified she works up to five hours on her shift for about twenty hours a week.  Tr. 26, 39-49, 203.   Plaintiff says that she misses work due to migraine headaches, but she chooses not to medicate for her migraines despite her doctors' offers of medication.  Tr.40.  Regardless, she contends she cannot work as a result of the migraine headaches

and a cervical cord injury and right hand injury caused by a November 2011 automobile accident.  Tr. 36-37, 202.

In conducting the five-step sequential analysis for disability claims, the ALJ found that Plaintiff's current part-time job did not rise to the level of substantial gainful activity (SGA) and that she had not otherwise engaged in SGA since the asserted onset of disability date of November 22, 2011.  Finding 1, Tr. 22.  Next, the ALJ found Plaintiff to have severe impairments of cervical myelomalacia and migraine headaches which cause significant limitations on her ability to perform basic work activity.  Finding 2, Tr.22.  After determining that the severe impairments did not meet nor medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App'x 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926), the ALJ formulated a residual functional capacity assessment (RFC) which limited Plaintiff to a restricted range of sedentary work as defined in 20 C.F.R. § 416.967(a).  The RFC included restrictions to only frequent, but not constant, handling and fingering with the right hand and frequent, but not constant, overhead reaching.  Findings 3, 4, Tr. 22.  At the evidentiary hearing the ALJ called a vocational expert who testified that Plaintiff can, within her restricted RFC, work as an order clerk, telephone information clerk or account clerk and that such jobs exist in sufficient numbers in both the regional and national economy.  Tr. 26.  Thus the ALJ found Plaintiff to be not disabled.  Finding 10, Tr. 27.

## DISCUSSION

Plaintiff argues that the ALJ made two errors. First, she asserts that the ALJ improperly discounted her credibility as to the disabling effects of her migraine

headaches.  Second, she contends the ALJ erred in including in her RFC assessment the ability to frequently handle and finger with her right hand.   Pl.'s Br. ii.   The Commissioner responds that the ALJ had good cause to discount Plaintiff's credibility and adequately articulated her reasons for doing so and that substantial evidence supports the ALJ's inclusion of right hand manipulation in the RFC.   The Court addresses the issues in the order in which Plaintiff has raised them.

## I.    Did the ALJ properly evaluate Plaintiff's credibility?

In her first enumeration of error Plaintiff says that the ALJ failed to give specific reasons supported by substantial evidence for rejecting her subjective complaints of migraine headaches.   She contends the ALJ's findings are "contradictory, unexplained and unsupported by the evidence."   Pl.'s Br. 1.   The assertion that the ALJ's findings are "contradictory" is based on the ALJ stating that she gave Plaintiff "the full benefit of the doubt" regarding Plaintiff's headache and arm injury, but discounting her credibility as to frequency, persistence and duration of associated symptoms.   A close review of the record and written decision does not support this contention.

The ALJ twice states that she gave Plaintiff "the full benefit of the doubt."   First, she explained why she incorporated a manipulative limitation in the RFC as applied to the right upper extremity. Next, she explained why her RFC assessment limited Plaintiff to only sedentary work. Tr. 25.  She clearly states that she did these two things because she gave Plaintiff full benefit of any doubt.  This is not error.

Plaintiff further argues that the findings are "unexplained."   But the ALJ gave specific reasons why she discounted Plaintiff's subjective complaints about the disabling

effects of her headaches.  Plaintiff has refused medication offered to her by her treating physician to relieve the headaches.  Lab tests and an MRI performed in November 2012 were normal.   In addressing the medical source statement of Plaintiff's treating neurologist, the ALJ explained that the doctor did not identify any positive test results or objective signs of headache and opined that Plaintiff's prognosis is "good" even though she declines prescribed medication for the migraines.  The neurologist said further, and the ALJ noted, that Plaintiff would "likely respond well to meds for migraines" if she would take them.  The ALJ specified "some weight" as being afforded to this opinion, but gave Plaintiff the full benefit of the doubt and limited her to sedentary work because of her complaint that she found standing difficult due to headache, even though little objective medical supported the limitation.

The ALJ thus thoroughly explained why she discounted Plaintiff's subjective complaints.   Although Plaintiff contends the ALJ's decision is "unsupported by the evidence," the treating neurologist rendered his opinion that Plaintiff has a good prognosis and would benefit from medication as prescribed, if she would take it.  He also found that even unmedicated, the migraines would only preclude work once or twice monthly.  She would consequently have no need for unscheduled breaks during the workday.  Tr. 546, 548.  Thus, the medical evidence clearly supports the ALJ's decision to discount Plaintiff's credibility and her first assertion of error has no merit.

## II.   Does substantial evidence support the ALJ's RFC assessment?

Plaintiff also asserts that the ALJ erred in formulating an RFC assessment that is not based on substantial evidence as to her ability to use her right hand.  The ALJ gave

Plaintiff the full benefit of the doubt as to the right hand limitations by restricting the RFC to only frequent, not constant, handling, fingering and reaching and only in sedentary work. Plaintiff argues that this does not sufficiently account for all of her hand limitations and no medical evidence says she can use her hand as the ALJ found.

The Commissioner correctly points out that Plaintiff bears the burden of proving she is disabled and no medical evidence is found in the record as a whole that says she cannot do what the ALJ found her to have the ability to do. Reviewing the medical record from the date of her motor vehicle accident which caused the cervical myelomalacia, she had steady improvement in the left hand and some improvement in the right hand until she complained of right hand weakness on July 19, 2013. The treating neurologist characterized the complaint as a "new problem" and described it as "mild and episodic." Tr. 530. He had noted improvement in her right hand strength in both February and May 2012. While Plaintiff continued to complain of weak grip in her right hand through October 2013, the treating physician found only mild atrophy and only mentioned a possible limitation in her ability to lift as a work-related restriction in the residual functional capacity questionnaire. He said the complaint was "still under evaluation" apparently because Plaintiff cancelled the nerve study the doctor ordered. An MRI was done which showed "no new or acute changes" and the doctor noted that she had previously benefitted from physical therapy for the right arm after her surgery. Tr. 537, 549. The ALJ included in her written decision clinical notes by Dr. Ted Jacobs at Georgia Neurological Surgery dated May 17, 2012 that Plaintiff had intact fine motor skills and improved right hand with moderate spastic weakness. Ex. 8F. She considered

the July 19, 2013 records of right hand weakness and formulated an RFC that is based on the medical evidence of record as required by the Commissioner's regulations and the Social Security Act.  The second enumerated error lacks merit.

## CONCLUSION

For the reasons explained above, it is recommended that the Commissioner's decision in this case be affirmed.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy thereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 23rd day of March, 2016.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE